JOSEPH F. ANDREWS *vs.* PRESIDENT, DIRECTORS AND COMPANY
OF THE SUFFOLK BANK.

A bank, holding a note for collection, received the amount from an agent of the maker,
and by mistake gave up to him a similar note of another person, and returned the first
note to its owner, to whom the maker paid it on demand, and immediately, though four
days after the payment to the bank, examined the note in his agent's hands, and, discov-
ering the mistake, returned it to the bank, and demanded back his money. *Held*, that
he was entitled to it, with interest from the time of the demand, although the bank had
meanwhile paid the amount to the owner of the other note, the maker of which was insol-
vent and the indorsers discharged for want of demand.

ACTION OF CONTRACT to recover $500, as money had and re-
ceived to the plaintiff's use. The parties submitted the case to
the judgment of the superior court, and, on appeal, to this court,
upon these facts:

On the 16th of June 1856, the plaintiff procured his note for
$500, signed " J. F. Andrews," and payable in Boston in three
months, to be discounted at the Derry Bank at Derry, N. H.,
who sent it to the defendants for collection. On the day it be-
came due, the plaintiff at Derry delivered $500 to an express
company with instructions to pay therewith his note at the Suf
folk Bank; and the express company carried the money to the
Suffolk Bank, exchanged it for bills of that bank, which he de-
livered to their teller, and asked for " J. F. Andrews' note." The
teller received the money, and by mistake passed a note of the
same amount, payable the same day, but signed " I. D. An-
drews," to the messenger, who, without reading it, carried it
away and deposited it in the safe of the express company.

The defendants, on the same day, caused the note of J. F.
Andrews to be protested, and returned it with notices of its pro-
test to the Derry Bank, to whom, on demand, the plaintiff paid
it, and immediately (but four days after the payment of the
money to the defendants) called upon the express company,
discovered that the note which they had received and supposed
to be his was not, and returned it immediately to the defend-
ants, with a statement of the circumstances under which it had
been received, notice that a mistake had been made, and a

request that the bank would receive it and return the $500 which he had paid them.

The teller of the defendants received the note, as he said, without prejudice to the bank, saying, " the bank would try and collect it," but refused to repay the $500, saying, " the plaintiff must look out what paper he bought."

The note of I. D. Andrews was left at the Suffolk Bank, and still remains there, the defendants not claiming it as theirs. It was originally sent to them for collection by the Calais Bank in Maine, to whose credit the defendants passed the $500 paid by the plaintiff. I. D. Andrews was and still is insolvent. His note was indorsed by responsible parties, but passing out of the hands of the defendants, as above stated, no demand was made upon the maker, and the liability of the indorsers was not preserved.

*H. G. Parker*, for the plaintiff.

*C. A. Welch*, for the defendants. The defendants received the $500, understanding it as intended for payment of the note of I. D. Andrews, applied it accordingly, and sent the money to the Calais Bank, from whom they had received that note for collection. The transaction was one in which both parties were guilty of negligence : the defendants in giving the wrong note to the plaintiff's agent, and the plaintiff in receiving it and keeping it so many days before returning it. The money having been lost by mutual mistake or negligence, and I. D. Andrews being insolvent, and the indorsers on his note discharged by want of notice, the parties cannot be put *in statu quo*, and the plaintiff cannot recover back the money. *Tybout* v. *Thompson*, 2 Browne (Penn.) 30. *Boas* v. *Updegrover*, 5 Barr, 518. *Gloucester Bank* v. *Salem Bank*, 17 Mass. 42.

If there had been no negligence or mistake on the part of the plaintiff and his agent, and no loss had resulted from it, the plaintiff could not recover in this action ; for in that case the money received having been paid on the plaintiff's note, that note would have been actually paid by it, though the note was not given up ; and if he afterwards paid to the Derry Bank the note already paid to the defendants, agents of the Derry Bank,

he would have paid it in his own wrong. He could recover back the money paid to the Derry Bank from that bank, but not the money paid to the defendants.

MERRICK, J.    It is impossible to find, in the statement of facts agreed to by the parties, any defence to this action.    It appears that the defendants received of the plaintiff the sum of five hundred dollars, for the recovery of which this suit is brought and prosecuted, to be applied, according to his directions, to the payment of his note to the Derry Bank, then in their possession for collection.    They were of course bound to make that application of the money.    But they never did do so.    On the contrary, they caused his note to be protested for nonpayment, and returned it to the Derry Bank, where, upon presentment to the plaintiff, it was paid by him with other money of his own.    He then called upon the defendants to refund the five hundred dollars which had been received by them, but they refused to repay it. They had in the mean time appropriated it to their own use, by giving credit for it to the Calais Bank, to which corporation they erroneously supposed themselves to be indebted therefor.    This appropriation, it is now conceded, was wholly without authority from the plaintiff, although at the time when it was made they believed that the money was paid and delivered to them for that purpose.    It was undoubtedly an unintentional injury to the plaintiff, and resulted from a mistake of one of the officers of the defendants, acting in the regular course and discharge of his duty.    But the consequences of the mistake must fall upon the party by whom or by whose agent it was made.    It affords no justification or legal excuse for the misappropriation of the plaintiff's money, and has no tendency to relieve them from a just accountability for it.    As it was not applied by them as they were bound to apply it in pursuance of the directions which accompanied its delivery to them, but was in fact mingled with other moneys of their own, and credited to another corporation, they did in that way actually appropriate it to their own use.    They had therefore manifestly in their possession money of the plaintiff, which they had no right to retain, and for which they were immediately liable to him.    They should have paid it

to him on demand. Having refused to do so, he can maintain an action against them upon their implied promise, and recover the amount to which he is entitled, under the count in his declaration for money had and received to his use.

The objection to the recovery of judgment by the plaintiff in this suit, because the parties were equally guilty of negligence, by means of which the defendants lost a similar amount of money in their failure to make the contingent liability of the indorsers of the note of I. D. Andrews absolute, cannot, upon the facts stated, be availed of by them. It was their peculiar duty to deliver to the agent of the plaintiff the note which was called for, and for the sole purpose of paying which the money was delivered to them. He received the instrument which was handed to him by the defendants as the note which he intended, and which he distinctly told their teller he intended, to pay. They meant to hand him the paper which he called for, and which it was his right to receive. For his own safety and security, and the safety and security of his principal, he should undoubtedly have examined the paper to see if it was the one to which he was entitled. But he was under no obligation of that kind to the defendants. He was not their agent, nor acting in their behalf. By delivering the paper to him, they authorized him to convey it to the plaintiff as the note for which his money was sent to them. This was done with all reasonable despatch; and the plaintiff, upon discovering the error which had been committed, not by him or by any agent of his, but by one of the officers in the employment of the defendants, did, without delay, everything which the most scrupulous good faith could require of him in their behalf. He immediately returned the I. D. Andrews note to the bank, and delivered it unconditionally to the officer from whom it had been received, to be used and disposed of as their own, or as they should determine that their interest or duty might require. This is all that could be required of him; for it was all that he could lawfully do with a note which was not his own, and in which he had no possible interest. The remark of the teller, when he took back the note, that "the plaintiff must look out what paper he bought," meaning by this

intimation that the note delivered to the plaintiff's agent had been the subject of bargain and sale between the parties, and had been purchased by the latter, is entirely unwarranted by the facts and the circumstances attending the transaction. Nothing of that kind was thought of by either party; and it is idle to contend that an act which was distinctly understood by both of them to be the payment, by the maker, of his own note, was in truth the sale and purchase of another made by a stranger. If the defendants ultimately sustain a loss through their failure to realize the amount due on the note of I. D. Andrews, it is attrib· utable to the inattention and carelessness of their own officer, and not to the negligence of the plaintiff, or anything for which he is responsible. *Judgment for the plaintiff.*